DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

ANTONIA HARVEY,

                                    Plaintiff,                    2007-CV-0115

        v.

SAV-U-CAR RENTAL, TOYOTA MOTOR
COMPANY, BRENDALYN STEVENS,
HERTZ d/b/a/ HERTZ PREFERRED
RENTALS, INC., ABC CORPORATION, and
SIMEON CLERCENT,

                                    Defendants.

TO:    Martial A. Webster, Sr., Esq.
       Rachelle Shocklee, Esq.
       Joel H. Holt, Esq.

ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY CERTIFIED MAIL

        THIS MATTER came before the Court upon Plaintiff's Motion For Service by

Certified Mail (Docket No. 30).  This order is issued without necessity of response.

        Plaintiff seeks to serve Defendant Toyota Motor Company via certified mail.[1]

Pursuant to Federal Rule of Civil Procedure 4(f), parties in a foreign country may be served

---

1.  Plaintiff cites Fed. R. Civ. P. 4(d)(2).  However, it is clear from a reading of the Rule, that 4(f) is the applicable subparagraph.

*Harvey v. Sav-U-Car Rental*
2007-CV-0115
Order Granting Plaintiff's Motion For Service by Certified Mail
Page 2

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).  A review of the caselaw considering the rule, reflects a split among the circuits and even within the Third Circuit regarding whether the Hague Convention, to which Japan is a signatory, allows service by certified mail.  *See, e.g., In Re Harnischfeger Industries, Inc,* 288 B.R. 79, 85 (Bkrtcy. D. Del. 2003); *Friedman v. Israel Labour Party*, No. Civ. A. 96-CV-4702, 1997 WL 379181 at 3 (E.D. Pa. July 2, 2997).

*Harvey v. Sav-U-Car Rental*
2007-CV-0115
Order Granting Plaintiff's Motion For Service by Certified Mail
Page 3

Despite the differing interpretations of Article 10(a) of the Hague Convention, we will follow our sister courts in the District of Delaware and the District of New Jersey.  *See, e.g., EOI Corp. v. Medical Marketing Ltd.*, 172 F.R.D. 133 (D.N.J. 1997).  Because Japan has not objected to the use of postal channels to serve judicial documents upon persons in Japan, Permanent Bureau Report on the Second Special Commission, 28 I.L.M. 1556, 1561 (1989), this Court holds that Plaintiff may serve said Defendant by certified mail.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion For Service by Certified Mail (Docket No. 30) is **GRANTED**.

2. Plaintiff may serve Defendant Toyota Motor Corporation with the summons and complaint for the above-captioned matter by certified mail, return receipt requested.

ENTER:

Dated: September 22, 2008                                    _____/s/_____

GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE