ANTONIA HARVEY,

                       **Plaintiff,**

     v.

SAV-U-CAR RENTAL, TOYOTA MOTOR
COMPANY, BRENDALYN STEVENS,
ABC CORPORATION, and SIMEON
CLERCENT,

                     **Defendants.**

2007-CV-0115

---

**TO:**   **Martial A. Webster, Sr., Esq.**
       **Rachelle Shocklee, Esq.**
       **Simone R.D. Francis, Esq.**
       **Simeon Clercent,** *Pro Se*
          268 Williams Delight
          Frederiksted, VI 00840

## ORDER

THIS MATTER is before the Court upon Defendant Toyota Motor Company's

Motion For Sanctions Against Plaintiff Pursuant to Rule 37(d)(1)(A)(i); Plaintiff Failed to

Attend Her Own Deposition (Docket No. 113). Plaintiff filed a response (erroneously

designated as a reply when filed) to said motion, and said Defendant filed a reply thereto.

Said Defendant claims that Plaintiff, through counsel, agreed to be deposed on April

15, 2010, and counsel for said Defendant properly issued the notice of deposition to

Plaintiff.  Plaintiff does not deny that she agreed to such date to be deposed, nor does she deny that she failed to appear as required.  In addition, the record is void of any motion to quash or for protective order to prevent said deposition from going forward on the agreed upon date.

Plaintiff argues that she should not be sanctioned because a.) counsel for Plaintiff claims that he intends to withdraw his representation of Plaintiff and b.) counsel for Plaintiff notified said Defendant that Plaintiff was "unable" to attend.

Having reviewed the written submissions of the parties, the Court finds that Plaintiff failed to appear for her properly noticed deposition and, therefore, that sanctions are warranted.  With respect to Plaintiff's argument that counsel for Plaintiff intends to withdraw the Court finds the record void of any motion relating to same and that counsel remains counsel of record for Plaintiff and that counsel negotiated the date and timing of Plaintiff's properly noticed deposition.  Thus, the Court finds this argument irrelevant. With regard to the second argument, the Court finds that, even though Plaintiff may have informed said Defendant of her "inability" to attend the deposition, having failed to negotiate a continuance or other resolution, the proper procedure would have been to file a motion for protective order or motion to quash.  Instead, Plaintiff chose to disregard the

rules of procedure and failed to attend.  The Court refuses to condone such contumacious

conduct.

Accordingly, it is now hereby **ORDERED**:

1.  Defendant's, TMC, Motion For Sanctions Against Plaintiff Pursuant to Rule

    37(d)(1)(A)(i); Plaintiff Failed to Attend Her Own Deposition (Docket No.

    113) is **GRANTED**.

2.  Plaintiff shall pay said Defendant's reasonable costs and attorney's fees

    related to and associated with the deposition and the motion at issue, upon

    the Court's approval of such amounts.

3.  Counsel for Defendant shall submit, within ten (10) days from the date of

    entry of this order, an affidavit or other certification detailing the costs and

    fees relating to and associated with the deposition and motion at issue.

ENTER:


Dated: May 6, 2010                          /s/ George W. Cannon, Jr.
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE