IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ANTONIA HARVEY )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SAV-U CAR RENTAL, TOYOTA MOTOR )<br>CORPORATION, BRENDALYN STEVENS, )<br>SIMEON CLERCENT, )<br>HERTZ CORPORATION d/b/a PREFERRED )<br>RENTALS, and ABC CORPORATION )<br>)<br>Defendants. )<br>_____) | CIV. NO.: 07-CV-115 |

## **MEMORANDUM OPINION**

Finch, Senior Judge

THIS MATTER is before the Court on several motions filed by the defendants in this matter. There is a Motion for Summary Judgment filed by Defendant TOYOTA MOTOR CORPORATION ("TOYOTA") (Dock. No. 79) and a Motion for Summary Judgment filed by Defendant SAV-U CAR RENTAL (Dock. No. 110).[1] Defendant SIMEON CLERCENT ("CLERCENT") filed a motion to join in Defendant TOYOTA's Motion for Summary Judgment (Dock. No. 84). Additionally, TOYOTA has filed a Motion for Sanctions against counsel for Plaintiff. (Dock. No. 108.)

---

[1] SAV-U CAR RENTAL originally filed a notice of joinder in TOYOTA's Motion for Summary Judgment on December 22, 2009 (Dock. # 87), but then filed its own Motion for Summary Judgment on March 29, 2010 (Dock. # 110.)

For the reasons stated below, Defendants TOYOTA's and SAV-U CAR RENTAL's Motions for Summary Judgment are GRANTED while CLERCENT's Joinder in TOYOTA's Motion for Summary Judgment is DENIED. TOYOTA's Motion for Sanctions is also DENIED.

## I.  Background

### a.  Factual Background

On October 23, 2005, Plaintiff Antonia Harvey ("Plaintiff") was involved in a head-on collision when the 2003 Toyota Echo rental car ("Subject Vehicle") she was driving was struck by a 2005 Ford Focus driven by Defendant BRENDALYN STEVENS ("STEVENS"). (Amend. Compl. ¶¶ 20-21.) The accident resulted in a fire which consumed Plaintiff's personal property and Subject Vehicle. (Amend. Compl. ¶¶ 24-25; TOYOTA Statement of Undisputed Facts (Dock. No. 81) ¶ 3.) The Subject Vehicle was owned by Defendant SAV-U CAR RENTAL and the Ford Focus was owned by Defendant HERTZ CORPORATION d/b/a PREFERRED RENTALS ("HERTZ"), and rented by Defendant CLERCENT. (Amend. Compl. ¶ 2.)

After the accident, Defendant SAV-U CAR RENTAL did not have the Subject Vehicle inspected nor did it retain the Subject Vehicle, as the damage rendered it without value to SAV-U CAR. (TOYOTA Statement of Undisputed Facts at ¶¶ 21-22.) Defendant SAV-U CAR RENTAL does not know the where the Subject Vehicle is located. (TOYOTA Statement of Undisputed Facts at ¶ 26.) Plaintiff does not have possession nor know the location of the Subject Vehicle nor did she have it inspected by any experts. (TOYOTA Statement of Undisputed Facts at ¶¶ 6-7, 11.)

### b.  Procedural Background

The original Complaint, filed on October 23, 2007, involved a total of five (5) defendants: (1) SAV-U CAR RENTAL, (2) TOYOTA, (3) STEVENS, (4) HERTZ, and (5) ABC

CORPORATION ("ABC"). The Complaint included the following allegations: Count I (Negligence) against STEVENS; Count II (Product Liability) against TOYOTA and SAV-U CAR RENTAL; Count III (Negligent Entrustment) against HERTZ; Count IV (Punitive Damages) against all defendants; and Count V (Gross Negligence) against STEVENS. On June 23, 2008, Plaintiff filed an amended complaint in which Simeon Clercent was joined as an additional party. ("Amend Compl.") (Dock. No. 22.) On July 25, 2008, Defendant HERTZ was dismissed from the case pursuant to a Stipulated Dismissal with Prejudice accepted by the Court, as such Count IV is no longer before the Court. (Dock. No. 26.)

On December 9, 2009, Defendant TOYOTA filed its Motion for Summary Judgment, and accompanying statement of Undisputed Facts and Memorandum of Law. (Dock. No. 79.) Defendant CLERCENT filed a Notice of Joinder in Defendant TOYOTA's Motion for Summary Judgment on December 18, 2009. (Dock. No. 84.) Defendant SAV-U RENTAL filed a Joinder in Defendant TOYOTA's Motion for Summary Judgment on December 22, 2009. (Dock. No. 87.) Several months later, on March 29, 2010, Defendant SAV-U CAR RENTAL filed its own Motion for Summary Judgment. Plaintiff, after seeking and being granted several extensions for time to respond to the motions for summary judgment, has failed to file an opposition to any of these pending motions.[2]

**II.     Standard of Review**

A moving party will prevail on a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[2] On December 21, 2009, Plaintiff filed a motion requesting an extension of time to respond to TOYOTA's motion for summary judgment. (Dock. No. 85.) On January 28, 2010, the Court granted Plaintiff a thirty (30) day extension of time to respond. (Dock. No. 92.) On February 26, 2010, the Court granted Plaintiff's second request for an extension of time, and Plaintiff was given until March 5, 2010 to respond to Toyota's motion for summary judgment. (Dock. Nos. 100, 103.) Plaintiff has not responded. Pursuant to Local Rule of Civil Procedure 56.1(d), a "failure to respond to a movant's statement of material facts may result in a finding that the asserted facts are not disputed for purposes of summary judgment."

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The burden is on the moving party to prove that there is no genuine dispute as to any material fact. *Monroe v. Beard*, 536 F.3d 198, 206 (3d Cir. 2008) (citations omitted). In reviewing a motion for summary judgment, the Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000).

Once the moving party has carried its burden, "the burden shifts to the non-moving party to point to sufficient cognizable evidence to create material issues of fact such that a reasonable jury could find in its favor." *Bouriez v. Carnegie Mellon University*, 585 F.3d 765, 771 (3d Cir. 2009) (citations omitted). The nonmoving party cannot defeat summary judgment with "evidence [that] is merely colorable or not significantly probative." *Monroe*, 536 F.3d at 207 (citing *Armbruster v. Unisys Corp*., 32 F.3d 768, 777 (3d Cir.1994)). *See also Acumed LLC v. Advanced Surgical Services, Inc*., 561 F.3d 199, 228 (3d Cir. 2009) ("speculation and conjecture may not defeat a motion for summary judgment") (citation omitted). Moreover, summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

### III. Discussion

#### A. Product Liability

In Count II of the First Amended Complaint, Plaintiff alleges that Defendants TOYOTA and SAV-U CAR were negligent and breached their duty of care to Plaintiff by failing to

properly inspect or correct a dangerous condition resulting from the design, construction, manufacture, shipping, maintenance sale or rental of the Subject Vehicle. (Amend. Compl. ¶ 33.) Plaintiff alleges that such a failure also constituted a breach of warranty. (Amend. Compl. at ¶ 34.) Plaintiff's allegations that the Subject Vehicle was defectively designed and manufactured amount to an allegation that the Subject Vehicle was a defective product.

The controlling law on products liability in the Virgin Islands is Restatement (Second) of Torts § 402A.[3] *See Anders v. Puerto Rican Cars, Inc.,* 2009 U.S. Dist. LEXIS 85848, at *24 (D.V.I. Sept. 15, 2009) (citing *Banks v. Int'l Rental & Leasing Corp.*, 2008 U.S. Dist. LEXIS 12214, at *10-11 (D.V.I. Feb. 13, 2008). The relevant passage states:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>     (a) the seller is engaged in the business of selling such a product, and
>
>     (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
>     (a) the seller has exercised all possible care in the preparation and sale of his product, and
>
>     (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts § 402A.

At the outset, the Court notes that "[u]nder section 402A, an action for strict product liability cannot be maintained against a lessor of chattels." *Banks*, 2008 U.S. Dist. LEXIS 12214, at *9 (citing *Pynes v. American Motors Corp.*, 19 V.I. 278, 280 (1982)). Here, SAV-U CAR RENTAL leased the Subject Vehicle to Plaintiff. As a lessor, SAV-U CAR cannot be held

---

[3] "Absent local law to the contrary, the Restatements provide the substantive law of the Virgin Islands." *Banks v. Int'l Rental & Leasing Corp.*, 2008 U.S. Dist. LEXIS 12214, at *4-5 n.2 (citing 1 V.I.C. § 4).

strictly liable for any manufacturing defects in the allegedly defective car. *Id*. at *10. Thus, to the extent that Count II alleges a products liability claim against SAV-U CAR, SAV-U CAR is entitled to summary judgment on that claim.

The Court likewise finds that Plaintiff's claim for product liability against TOYOTA cannot be sustained. In order to prevail in a products liability claim, the plaintiff must prove the existence of an unreasonably dangerous defect. *Anders*, 2009 U.S. Dist. LEXIS 85848, at *25. In general, an expert's testimony is required to substantiate such a claim. *Id.* (citing *Belofsky v. General Elec. Co*., 1 F. Supp. 2d 504 (D.V.I. 1998)). *See also Huddell v. Levin*, 537 F.2d 726, 736 (3d Cir. 1976) ("Where the issue concerns a product's *design . . .* it would seem that expert opinion is the only available method to establish defectiveness, at least where the design is not patently defective.") (emphasis in original); *Koplove v. Ford Motor Co*., 795 F.2d 15, 18 (3d Cir. N.J. 1986) (a rational jury could not find the defendant car manufacturer liable for a defective vehicle without some expert analysis of the available information which implicated the manufacturer). In this case, Plaintiff could not identify any "unreasonably dangerous defect" or any specific defect in the Subject Vehicle at all. (TOYOTA Undisputed Statement of Facts ¶ 4.) Plaintiff has offered no evidence, from either lay person or expert, to identify a causal connection between the alleged defect and the physical injuries or property damaged suffered. Moreover, the Subject Vehicle cannot be located, and thus there is no evidence from which an expert could render an opinion. (TOYOTA Statement of Undisputed Facts ¶¶ 7-8; 26.) The Court concludes Plaintiff has failed to set forth any evidence that the Subject Vehicle was in a defective condition unreasonably dangerous to Plaintiff, or that such defect caused her injuries, elements essential to her case, and which she would be required to prove at trial. Thus, there is

no issue of material fact warranting a trial and summary judgment is granted to TOYOTA as to the products liability claim brought in Count II. *Celotex Corp*, 477 U.S. at 322-323.

**B. Negligence**

In Count II, Plaintiff also alleges that TOYOTA and SAV-U CAR RENTAL acted negligently in "designing, constructing, manufacturing, shipping, maintaining, sale and/or rental" of the Subject Vehicle and negligently "failed to warn consumers" of the hazards of operating the Vehicle. (Amend. Compl. ¶ 33.)

In order to prevail on a claim for negligence in the Virgin Islands, the following elements must be established: (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages. *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571 (D.V.I. 2004). TOYOTA, as the manufacturer of the Subject Vehicle, had a duty of care to Plaintiff. S*ee, e.g., Dawson v. Chrysler Corp.*, 630 F.2d 950, 956 (3d Cir. 1980) (car manufacturer owed duty of care "to design and produce a reasonably crashworthy vehicle"). Similarly, SAV-U CAR RENTAL, as a lessor of chattels, owed a duty of care to Plaintiff to make the Subject Vehicle safe for Plaintiff or to warn her of any danger. *Banks*, 2008 U.S. Dist. LEXIS 12214, at *4 (citing Restatement (Second) of Torts § 408.)[4] However, Plaintiff has not proffered any evidence that TOYOTA or SAV-U CAR RENTAL breached that duty. Nor has Plaintiff shown that any actions of TOYOTA or SAV-U CAR caused harm to Plaintiff.

On the other hand, Defendant SAV-U CAR attested that the Subject Vehicle had been regularly maintained and operated as a rental car by SAV-U CAR and that there were no

---

[4] Section 408 provides

> [o]ne who leases a chattel as safe for immediate use is subject to liability to those whom he should expect to use the chattel, or to be endangered by its probable use, for physical harm caused by its use in a manner for which, and by a person for whose use, it is leased, if the lessor fails to exercise reasonable care to make it safe for such use or to disclose its actual condition to those who may be expected to use it.

Restatement (Second) of Torts § 408.

problems with the Vehicle prior to or at the time of the accident. (TOYOTA Statement of Undisputed Facts (citing Aff. Edith Harty ¶¶ 17-19).

The Court finds that Plaintiff's claims of negligence against both TOYOTA and SAV-U CAR RENTAL are based on mere speculation and conjecture and as such, cannot withstand summary judgment. *Anders*, 2009 U.S. Dist. LEXIS 85848 at *34 ("As a matter of law . . . causation cannot be established by conjecture, speculation, or surmise. The mere possibility that a defendant's negligence may have been the cause of a plaintiff's injury is insufficient to establish a causal link between the two.").

   **C. Breach of Warranty**

In Count II, Plaintiff also alleges that TOYOTA's and SAV-U CAR's "failure to act promptly to eliminate a dangerous condition as it may have existed in the [Subject Vehicle] constituted breach of warranty." (Amend. Compl. ¶ 34.) Plaintiff does not indicate whether the breach was of an "express" warranty or of an "implied warranty of merchantability;" thus the Court construes the complaint to allege a breach of implied warranty of merchantability. *Martin v. Powermatic, Inc*., 2008 WL 2329642, at *5 (D.V.I. June 4, 2008) (where plaintiff did not allege that any express warranties were breached, the court assumed that plaintiff alleged breach of the implied warranty of merchantability).

To prevail on a claim of a breach of an implied warranty of merchantability, the plaintiff must prove: "(1) the goods at issue were leased by a merchant; (2) the goods were not merchantable at time of lease; (3) plaintiff suffers injury as a result; (4) lessor had notice of the injury." *Banks v. International Rental and Leasing Corp*., 2008 U.S. Dist. LEXIS 40601, at *6 (D.V.I. 2008) (citing *Clime v. Dewey Beach Enters*., Inc., 831 F. Supp. 341, 349 n.5). In this case, Plaintiff has not set forth any facts showing that the Subject Vehicle was not merchantable

at the time it was leased. (TOYOTA Statement of Undisputed Facts ¶¶ 17-18.) Thus, Plaintiff's claim of breach of warranty cannot withstand summary judgment.

### D. CLERCENT

Plaintiff alleges in Count I that Defendant CLERCENT "had a duty to Plaintiff to adhere to the terms of the rental agreement and not entrust the 2005 Ford Focus to Defendant BRENDALYN STEVENS without the owner's authorization." (Amend. Compl. ¶ 27). CLERCENT filed a Notice of Joinder in Defendant TOYOTA's Motion for Summary Judgment on December 18, 2009, but has not otherwise responded to the Amended Complaint. However, the defenses raised in TOYOTA's Motion, which pertain to the condition of the Subject Vehicle, are not applicable to CLERCENT, and thus do not affect the resolution of the claims against CLERCENT. Therefore, CLERCENT's motion for joinder in TOYOTA's Motion for Summary Judgment will be denied.

### E. Count IV (Punitive Damages)

Count IV alleges punitive damages as to all Defendants. However, punitive damages cannot be pled as a separate count in a complaint. *See McDonald v. Davis,* 51 V.I. 573, 607 (D.V.I. 2009) (citing *Urgent v. Hovensa, LLC,* 2008 U.S. Dist. LEXIS 77455, *31 (D.V.I. Oct. 2, 2008)). As such, Count V is dismissed as to all Defendants since it was improperly pled as a count in the Complaint.

### F. Rule 11 Sanctions

On March 23, 2010, Defendant TOYOTA filed a Motion for Rule 11 sanctions against Plaintiff's counsel. (Docks. Nos. 108, 109.) TOYOTA argues that because Plaintiff lacks any factual basis to support the claims asserted against TOYOTA, the continued prosecution of the case against TOYOTA amounts to sanctionable conduct pursuant to Fed. R. Civ. P. 11(c)(2).

(Mot. for Sanctions ¶¶ 5, 7.)  Specifically, TOYOTA asks the Court to award TOYOTA costs and reasonable attorney's fees against Plaintiff's counsel.  Defendant TOYOTA stated that Plaintiff's counsel was served with the Motion for Sanctions on December 11, 2009 and that Plaintiff's counsel has not withdrawn the Complaint.

Rule 11 states in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery

Fed. R. Civ. P. 11(b)

Pursuant to subsection (c) of Rule 11, if the Court determines "after notice and a reasonable opportunity to respond . . . that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Sanctions may include an order "directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11 (c)(4).

As the Third Circuit has noted, the primary goal of Rule 11 "is not wholesale fee shifting but correction of litigation abuse." *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3rd Cir.1988).  The standard for the imposition of sanctions pursuant to Rule 11 is stringent, given the propensity of sanctions to exacerbate conflicts between the parties and to increase tensions among all parties involved in litigation, including the private bar and the judiciary. *Id*. at 194 (citations omitted).  Thus, a court should prescribe sanctions, including fees, only in an "exceptional circumstance . . . where a claim or motion is patently unmeritorious or

frivolous." *Id*. (citations omitted). In accord with the purpose of the Rule and its limited application, substituted counsel cannot be held accountable for pleadings or motions which they themselves did not sign or file. *Bakker v. Grutman*, 942 F.2d 236, 239 (4th Cir. 1991) (citing *Pavelic & Leflore v. Marvel Entertainment Group*, 493 U.S. 120 (1989)).

In this case, Plaintiff's counsel substituted into the case in November 2008, after the Complaint and Amended Complaint had been filed. Counsel's primary actions in the litigation thus far have been attempts to serve defendant STEVENS, and requests for extensions of time to file a response to the motions for summary judgment. There has been no direct advocacy of the claims made in the Amended Complaint through a responsive pleading. Additionally, Plaintiff's counsel has filed a Motion to Withdraw, which the Court will address upon resolution of the motions pending in this matter. The Court finds that Rule 11 sanctions are not warranted in this case, and thus TOYOTA's motion for sanctions will be denied.

## IV. Conclusion

The Court finds that there is no genuine issue of material fact in dispute and that Defendants TOYOTA and SAV-U RENTAL CAR are entitled to summary judgment on all claims against them, including products liability, negligence and breach of warranty. However, CLERCENT's joinder in TOYOTA's Motion for Summary Judgment is denied. Count V (Punitive Damages) is dismissed as to all Defendants. Defendant TOYOTA's Motion for Rule 11 Sanctions is denied. An appropriate Order accompanies this Memorandum Opinion.

ENTER:

Dated: July 21, 2010

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE